## Hempfield Township Road.

*Road law — County roads — Contract between county and township — Approval of township commissioner—Acts of May 24, 1917, and May 11, 1921.*

1. A township has a right to enter into a contract with the county commissioners to help to pay for the improvement of a county road without first obtaining the approval of the township commissioner, and it may make payments thereon as provided by section 2 of the Act of May 24, 1917, P. L. 291, without the approval of such commissioner.

2. Such road cannot, by the agreement, become a township road without compliance with the Act of May 11, 1921, P. L. 477, which provides a method by which county commissioners may have a county road vacated and returned to a township for maintenance and repair.

3. The State Highway Department has no jurisdiction over contracts made by county commissioners for the improvement of county roads.

Attorney-General's Department. Opinion to Hon. Joseph W. Hunter, Township Commissioner, State Highway Department.

BROWN, Dep. Att'y-Gen., Oct. 25, 1922.—This department has received your request for an opinion as to whether a township has the right to enter into a contract with the county to help to pay for the construction of a county road without first obtaining the approval of the township commissioner of the plans and specifications or to make payments without approval of estimates by said commissioner.

In the case under consideration the Road Supervisors of Hempfield Township, Westmoreland County, entered into an agreement with the commissioners of said county, wherein it is provided that the said commissioners should have surveys, plans and estimates of cost for the permanent improvement of a public highway in said township, and also to take the proper legal proceedings for authority to construct and improve said road as a county road. It is further provided that said road should be constructed by the County of Westmoreland, and the contract for the same made in the name of the county.

The road supervisors, under said agreement, are to contribute to the cost of the improvement one-half of the contract price and the extras from the commencement of the construction, paying the total amount of monthly estimates until the one-half of the road has been constructed. After the completion of the road, it is to be taken over by Hempfield Township through its road supervisors and forever kept and maintained as a township road. Legal proceedings under the Act of May 11, 1911, P. L. 244, to have the road mentioned in the agreement declared a county road were started and carried to a

successful ·termination by the county commissioners. It is, therefore, as a county road that this matter must be considered, and it is conceded that the Highway Department has no jurisdiction over contracts made by county commissioners for the improvement of county roads.

The Act of May 11, 1911, P. L. 244, the act under which the road in Hempfield Township was made a county road, is still in force, and a supplement to it was passed May 24, 1917, P. L. 291, wherein it is provided, *inter alia:*

"Section 1. That the proper authorities of any borough or township . . . be and are hereby authorized to enter into a contract or contracts with the commissioners of any county in this Commonwealth, providing that the said county commissioners shall construct an improved highway or highways under the provisions of the act to which this is a supplement, and the expense or cost of said construction shall be borne jointly by the said borough, township . . . and the said county, in such ratio or proportions as may be agreed on in said contract or contracts.

"Section 2. Payment for the construction of said highway or highways, as provided for in section 1 of this supplement, shall be made by the county, which shall be reimbursed by said borough, township, . . . in such sums as agreed upon in said contract or contracts, upon presentation to them, from time to time, of estimates and bills for work already performed and paid for under the provisions of the act to which this is a supplement.

"Section 4. Any highway constructed jointly under the provisions of this supplement shall be repaired and maintained at the expense of the proper county; but nothing shall prevent the proper authorities of a borough, township . . . from entering into a contract or contracts with the county commissioners of the proper county for the maintenance of said improved highway, under such terms and conditions as may be mutually satisfactory."

Section 20 of said act, as amended by the Act of May 11, 1921, P. L. 477, provides a method by which county commissioners may have a county road vacated and returned to a township for maintenance and repair.

The agreement between the County Commissioners of Westmoreland County and the Road Supervisors of Hempfield Township was entered into March 16, 1920, after the road in question had become a county road and was subject to the provisions of the Act of May 11, 1911. The payments, however, which said agreement calls for the township to make are not in accordance with the act. All payments must be made in the first instance by the county, which shall be reimbursed by the township as provided in the act, nor can the road, as provided in the agreement, be taken over by the township and forever thereafter be maintained as a township road except in a legal way. This can be done only by taking the necessary legal proceedings as provided by section 20 of the Act of 1911, as amended by the Act of May 11, 1921, P. L. 477. After this is done and it becomes a township road, it will be subject to the supervision and control of the township commissioners.

To hold that the Road Supervisors of Hempfield Township cannot enter into an agreement with the county commissioners without the approval of the township commissioner is to ignore the express provisions of the Act of 1911 and its supplement of 1917, and to set aside such agreement after it has been entered into would violate the obligations of a legal contract, to the serious injury of one of the parties thereto.

The Acts of July 22, 1913, P. L. 915, July 16, 1917, P. L. 1004, and of July 8, 1919, P. L. 770, giving authority to the Highway Department, have no bearing upon the matter now being considered, as they all relate entirely to township roads and in no manner affect a county road.

2 D. & C.

I am, therefore, of the opinion that the Township of Hempfield had a right to enter into a contract with the county commissioners to help to pay for the improvement of a county road without first ·obtaining the approval of the township commissioner, and has a right to make payments as provided by section 2 of the Act of May 24, 1917, P. L. 291.

The views herein expressed are not in conflict with the opinion filed June 15, 1922, by Deputy Attorney-General McNees [Powers of Township Commissioner, 2 D. & C. 133], as that opinion was only as to the rights of the Highway Department over township roads.

From Guy H. Davies, Harrisburg, Pa.